JUDGE RAKOFF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

18 MISC 350

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | 1:18-mc- |
| Petitioner, | |
| v. | |
| WINDSOR STREET CAPITAL, L.P. (f/k/a MEYERS ASSOCIATES, L.P.), | |
| Respondent. | |

# APPLICATION OF THE SECURITIES AND EXCHANGE COMMISSION FOR A JUDGMENT ENFORCING COMPLIANCE WITH COMMISSION ORDER

Petitioner Securities and Exchange Commission (the "Commission") applies to the Court for a judgment pursuant to Securities Act of 1933 ("Securities Act") Section 20(c), 15 U.S.C. § 77t(c) and Section 21(e) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(e), enforcing compliance by the Respondent Windsor Street Capital, L.P. (f/k/a Meyers Associates, L.P.) ("Windsor") with the monetary portion of a Commission order entered against Windsor with consent on July 28, 2017 (the "Commission Order") directing Windsor, *inter alia*, to pay a civil $200,000 penalty. The Commission Order settled the Commission's claims against Windsor in the Commission administrative proceeding *In re Windsor Street Capital, L.P. (f/k/a Meyers Associates., L.P.), et al.*, SEC File No. 3-17813. A copy of the Commission Order is attached as Exhibit 1 to the Declaration of Maureen Peyton King in Support of Request for Issuance of an Order to Show Cause (Local Civil Rule 6.1).

In support of its Application, the Commission states as follows:

## INTRODUCTION

1. The Commission seeks by this Application to enforce the Commission Order, which found, among other things, that Windsor failed to file required Suspicious Activity Reports ("SAR reports") and failed to conduct reasonable inquires in connection with stock sales.

2. In relevant part, the Commission Order, entered with Windsor's consent, imposed a civil money penalty of $200,000. Windsor paid a portion of this debt but still owes: $88,397.46 plus applicable interest. The Commission therefore seeks a judgment from this Court enforcing the Commission Order against Windsor.

## PARTIES

3. **The Commission** is an agency of the United States government. The Commission's principal office is located at 100 F Street, N.E., Washington, DC 20549. The Commission's New York Regional Office is located at 200 Vesey Street, Room 400, New York, New York 10281-1022.

4. **Windsor Street Capital, L.P.** Windsor, then known as Meyers Associates, L.P., was a New York limited partnership registered with the Commission as a broker-dealer since July 1993 with active branch offices elsewhere in New York, and in Florida, Virginia, Pennsylvania, and Arizona. Windsor is no longer operating.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under Section 21(e) of the Exchange Act.

6. Venue lies in the Southern District of New York pursuant to Section 27(a) of the Exchange Act, 15 U.S.C. § 78a(a) in that Windsor operated its now shuttered business in this District.

## FACTUAL BACKGROUND

**A. Respondent's Conduct**

7. The Commission seeks by this Application to enforce the Commission Order, to which Windsor consented in settlement of a Commission administrative proceeding instituted against Windsor and others. The Commission Order found, among other things, that Windsor failed to file required SAR reports and failed to conduct reasonable inquires in connection with stock sales. The Commission Order is attached to the Declaration of Maureen Peyton King as Exhibit 1.

**B. Respondent's Settlement with the Commission**

8. On January 25, 2017, the Commission instituted administrative cease-and-desist proceedings pursuant to Section 8A of the Securities Act of 1933 ("Securities Act") and Sections 15(b) and 21C of the Exchange Act, 15 U.S.C. §§ 78o(b) and 78u-3 and other sections not relevant to this application.

9. Windsor subsequently submitted an offer of settlement, which was accepted by the Commission. In the settlement offer, Windsor consented to the entry of the Commission Order, without admitting or denying the findings therein, except as to the Commission's jurisdiction over Windsor and the subject matter of the proceedings.

10. The Commission Order:

   a. directs Windsor to cease and desist from committing or causing any violations and any future violations of Sections 5(a) and 5(c) of the Securities Act and Section17(a) of the Exchange Act and Rule 17a-8 thereunder;

   b. censures Windsor;

   c. directs Windsor to pay a civil money penalty in the amount of $200,000; and

   d. directs Windsor to comply with certain undertakings enumerated in the Commission's order.

11.     Windsor has made partial payment and consequently, the outstanding balance of the civil penalty together with additional interest pursuant to 31 U.S.C. § 3717, is now due and owing to the Commission.

12.     Windsor did not appeal the Commission Order within 60 days of its entry pursuant to Section 9 of the Securities Act, 15 U.S.C. § 77(i), and Section 25(a) of the Exchange Act, 15 U.S.C. § 78y(a). Therefore, the time for Windsor to seek review of the Order has expired.

## **CLAIM FOR RELIEF**.

13.     Section 20(c) of the Securities Act, 15 U.S.C. § 77t(c), provides:

> Upon application of the Commission, the district courts of the United States ... shall have jurisdiction to issue writs of mandamus commanding any person to comply with ... any order of the Commission.

14.     Section 21(e) of the Exchange Act provides:

> Upon application of the Commission the district courts of the United States...shall have jurisdiction to issue writs of mandamus, injunctions, and orders commanding (1) any person to comply with the provisions of this title, the rules, regulations, and orders thereunder...

15.     Proceedings under these provisions are ordinarily commenced by an order to show cause. *See e.g., SEC v. Gerasimowicz*, 9 F. Supp.3d 378 (S.D.N.Y. March 25, 2014); *SEC v. Coronati*, 2016 WL 6462261 (E.D.N.Y. Nov. 1, 2016) (initiated with an Order To Show Cause). These proceedings are summary in nature. *SEC v. Vindman*, 2007 WL 1074941 at *1 (S.D.N.Y. April 5, 2007).

WHEREFORE, the Commission respectfully requests:

### I.

That the Court enter an order directing Windsor to show cause why this Court should not enter judgment enforcing compliance with the Commission Order.

### II.

That the Court enter a judgment enforcing the Commission Order and requiring that Windsor pay the balance of its civil penalty of $88,397.46 plus any applicable interest pursuant to 31 U.S.C. § 3717 and 28 U.S.C. § 1961.

### III.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 *et seq*.

### IV.

That the Court retain jurisdiction as appropriate to assure and effect compliance with the orders entered herein.

## VI.

That the Court order such other and further relief as may be just and proper.

Dated: New York, New York
July ___, 2018

_____
Marc P. Berger
New York Regional Director

Of Counsel:
Lara S. Mehraban
Judith Weinstock
Elizabeth Reilly Goody

Maureen Peyton King
Attorneys for Petitioner
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
200 Vesey Street, Suite 400
New York, NY 10281-1022
Tel.: 212-336-0111 (King)
E-mail: KingMP@sec.gov